**CORRECTED**

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0407V

|  |  |
|---|---|
| DEBORAH FERRY, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: February 8, 2024 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Lara Ann Englund, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On April 9, 2020, Deborah Ferry filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from the adverse effects of an influenza vaccine she received on October 5, 2015. Petition at 1. On February 24, 2023, I issued a decision awarding compensation to Petitioner, following briefing and expedited Motions Day

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

argument by the parties. ECF No. 39.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $54,364.55 (representing $51,772.10 in fees and $2,592.45 in costs). Petitioner's Application for Attorneys' Fees and Costs, filed Sept. 6, 2023, ECF No. 46. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. *Id.* at 2.

Respondent reacted to the motion on September 8, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 47.

On September 11, 2023, Petitioner filed a reply, criticizing Respondent's lack of a specific response to his motion and reiterating that she is entitled to an award of attorney's fees and costs. Petitioner's Reply to Respondent's Response to Petitioner's Application for Fee and Costs. ECF No. 48. Petitioner insists that "Petitioner's counsel has accurately recorded the time spent on this case and has filed receipts for documenting the litigation expenses incurred." *Id.* at 1.

Having considered the motion along with the invoices and other proof filed in connection, I find several reductions in the amount of fees to be awarded appropriate, for the reasons set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of

petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

### A. Hourly Rates

The rates requested for work performed through the end of 2022 are reasonable and consistent with our prior determinations, and will therefore be adopted. ECF No. 53-1. Petitioner has also requested 2023 attorney hourly rates as follows: $463 for work performed by Leah Durant - representing a rate increase of $22 and $358 for work performed by Christopher Williams – representing a rate increase of $17. *Id.* at 11. I find these hourly rates to be reasonable.

However, a few of the tasks performed by Ms. Durant are more properly billed using a paralegal rate.[3] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). This reduces the amount of fees to be awarded by **$224.70**.[4]

---

[3] These entries describing the preparation and filing of medical records as exhibits in this case, dated as follows: 8/18/2020, 4/7/2022, and 8/22/2022. ECF No. 46-1 at 4, 9, 11.

[4] This amount consists of ($395 - $160) x .5 hrs. + ($441 - $173) x .4 hrs. = $224.70.

**B. Billed Hours**

Regarding the number of hours billed, I deem the *total* amount of time devoted to briefing damages to be excessive. *See* Status Report, filed May 13, 2022, ECF No. 28 (reporting an impasse in damages discussions); Petitioner's Brief on Damages, filed Aug. 22, 2022, ECF No. 33; Petitioner's Reply to Respondent's Brief on Damages, filed Nov. 21, 2022, ECF No. 36; Hearing Minute Entry, dated June 1, 2023 (regarding the May 26, 2023 hearing). Petitioner's counsel expended approximately 22.10 hours drafting the brief and 19.0 hours drafting the reply brief, totaling 41.1.[5] hours. ECF No. 46-1 at 10-12. In addition, drafting of the damages briefs involved the work of two attorneys, billing between $341 to $441 per hour, and thus suggesting some degree of unnecessary overlap/inefficiency compounding the excessive cost associated with this task.

My above calculation does not include time spent communicating with Petitioner, analyzing and preparing additional supporting damages documentation such as medical records, diary entries, and affidavits or signed declarations, or preparing for or participating in the Expedited Motions Day hearing, which is also being awarded in full. *See,* e.g., ECF No. 46-1 at 7 (first entry dated 7/30/21).

It is unreasonable for counsel to spend so much time briefing the issue of damages in this case, once the sum in question is calculated, and where the issues presented are not complex. I have identified numerous cases (which may reasonably be compared to time spent in this matter),[6] in which attorneys have accomplished this task in about half the time.[7] *See,* e.g., *Mulloy v. Sec'y of Health & Hum. Servs.*, No. 19-1396V (Nov. 6, 2023) (19.7 and 9.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Gao v. Sec'y of Health & Hum. Servs.*, No. 21-1884V (Oct. 25, 2023) (16.5 and 9.4 hours billed for drafting a damages brief and responsive damages brief, respectively); *Knasel v. Sec'y of Health & Hum. Servs.*, No. 20-1366V (Oct. 25, 2023) (11.5 and 13.6 hours billed for drafting a damages brief and responsive damages brief, respectively); *Langdon v. Sec'y of Health & Hum. Servs.*, No. 20-1311V (Oct. 25, 2023) (12.5 and 12.8 hours billed for drafting a damages brief and responsive damages brief,

---

[5] These totals are calculated as follows: 30.6 hours billed on 8/12/22, 8/15/22, 8/18/22, 8/19/22, 8/22/22, 10/18/22, 11/14/22, and 11/16/22 by Christopher Williams at a rate of $341 and 10.5 hours billed on 8/22/22, 10/14/22, and 11/21/22 by Leah Durant at a rate of $441.

[6] Special masters may use comparisons to attorneys performing similar tasks to determine if hours are excessive. *See Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1518-1521 (Fed. Cir. 1993).

[7] These decisions can be found on the United States Court of Federal Claims website, and/or at  https://www.govinfo.gov/app/collection/uscourts/national/cofc (last visited Feb. 7, 2024).

respectively); *Mantagas v. Sec'y of Health & Hum. Servs.*, No. 20-1720V (Oct. 17, 2023) (6.7 and 4.2 hours billed for drafting a damages brief and responsive damages brief, respectively); *Majerus v. Sec'y of Health & Hum. Servs.*, No. 20-1346V (Oct. 17, 2023) (11.0 and 4.6 hours billed for drafting a damages brief and responsive damages brief, respectively); *Cosden v. Sec'y of Health & Hum. Servs.,* No. 20-1783 (Aug. 8, 2023) (6.3 hours billed for drafting a damages brief); *Balch v. Sec'y of Health & Hum. Servs.*, No. 20-0872V (June 30, 2023) (18.7 hours billed for drafting a damages brief); *Kestner v. Sec'y of Health & Hum. Servs.*, No. 20-0025V (June 22, 2023) (6.00 and 4.10 hours billed for drafting a damages brief and responsive damages brief, respectively); *Juno v. Sec'y of Health & Hum. Servs.*, No. 18-0643V (June 14, 2023) (5.8 hours billed for drafting a damages brief); *Deutsch v. Sec'y of Health & Hum. Servs.*, No. 18-0527V (June 12, 2023) (7.4 and 4.4 hours billed for drafting a damages brief and responsive damages brief, respectively); *Edminister v. Sec'y of Health & Hum. Servs.*, No. 19-0184V (May 30, 2023) (15.3 and 3.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Aponte v. Sec'y of Health & Hum. Servs.*, No. 20-1031V (May 18, 2023) (6.9 hours billed for drafting a damages brief); *Gray v. Sec'y of Health & Hum. Servs.*, No. 20-1708V (May 18, 2023) (5 hours billed for drafting a damages brief); *Horky v. Sec'y of Health & Hum. Servs.*, No. 20-0239V (May 18, 2023) (5.8 hours billed for drafting a damages brief); *Thomson v. Sec'y of Health & Hum. Servs.*, No. 22-0234V (May 18, 2023) (9.5 and 2.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Rice-Hansen v. Sec'y of Health & Hum. Servs.*, No. 20-1338V (May 17, 2023) (12.9 and 6.1 hours billed for drafting a damages brief and responsive damages brief, respectively).

The circumstances of this case did not warrant devoting so much time to damages briefing. The parties agreed upon the amount of past expenses, and the only area of dispute was the appropriate amount of compensation for Petitioner's past pain and suffering. *See Ferry v. Sec'y of Health & Hum. Servs.,* No. 20-0407V, 2023 WL 2641498 (Fed. Cl. Spec. Mstr. Mar. 27, 2023). Furthermore, I was able to issue a basic damages decision after hearing the parties' arguments. *Id.*

However, the parties' views differed by $60,000.00 - Petitioner sought $145,000.00, and Respondent countered with $85,000.00, and the amount I ultimately awarded was close to that proposed by Petitioner – supporting the *need* for damages briefing. *Id.* Thus, although I still find the amount of time expended to be excessive, I will reduce the hours billed by a lower amount than I otherwise would apply. *See,* e.g., *Moreland v. Sec'y of Health & Hum. Servs.,* No. 18-1319V, 2023 WL 7104781 (Fed. Cl. Spec. Mstr. Aug. 31, 2023).

5

Of course, having prevailed in this case, a fees award is generally appropriate. *See Ferry*, 2023 WL 2641498, at *2. But the Act permits only an award of a *reasonable amount of* attorney's fees. Accordingly, I will reduce the sum to be awarded for damages briefing (**a total of 41.1 hours, or $15,065.10)** by *twenty percent*. Such an across-the-board reduction (which I am empowered to adopt)[8] fairly captures the overbilling evidenced by this work, without requiring me to act as a "green eye-shaded accountant" in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. **This results in a reduction of $3,013.02.**[9]

## ATTORNEY COSTS

Petitioner requests $2,592.45 for attorney's costs, and has provided supporting documentation for all claimed attorney costs. ECF No. 46-2. Additionally, Respondent offered no specific objection to the rates or amounts sought. Thus, I will award the amount of attorney's costs sought in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$51,126.83 (representing $48,534.38 in fees and $2,592.45 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Leah VaSahnja Durant.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[10]

**IT IS SO ORDERED.**

                                                    **s/Brian H. Corcoran**
                                                    Brian H. Corcoran
                                                    Chief Special Master

---

[8] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See,* e.g., *Abbott v. Sec'y of Health & Hum. Servs.,* 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs,* 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs.,* 86 Fed. Cl. 201, 214 (2009).

[9] This amount is calculated as follows: (30.6 x $341 x .20) + (10.5 x $441 x .20) = $3,013.02.

[10] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.